IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RYAN WILKERSON,<br><br>                    Plaintiff,<br><br>v.<br><br>RICK ELDRIDGE et al.,<br><br>                    Defendants. | **MEMORANDUM DECISION & ORDER REQUIRING SERVICE OF PROCESS**<br><br><br>Case No. 2:14-CV-586 DAK<br><br>District Judge Dale A. Kimball |

Plaintiff/inmate, Ryan Wilkerson, filed this *pro se* civil rights suit,[1] proceeding *in forma pauperis*.[2] His Amended Complaint was served on Defendants Dennis Hoggard (San Juan County Jail (SJCJ)), Preston Palmer (SJCJ), and James Chipp (Utah Department of Corrections (UDOC)). Defendants answered the Amended Complaint, filed a *Martinez* report, a motion to dismiss and a summary-judgment motion. The latter two motions are currently pending before the Court. Meanwhile, Plaintiff moves the Court for leave to amend his Amended Complaint. Defendants oppose the Motion to Amend.

Having considered whether Plaintiff has unduly delayed or acted in bad faith or with dilatory motives, possible prejudice to Defendants, and whether amendment would be futile,[3] the Court grants Plaintiff's Motion to Amend. The Court is impressed by Plaintiff's astuteness in representing himself thus far. It has not detected bad faith on Plaintiff's part, nor does it believe Defendants face undue prejudice. After all, Plaintiff is pro se; and, though he has no legal

---

[1] *See* 42 U.S.C.S. § 1983 (2016).

[2] *See* 28 *id.* § 1915.

[3] *United States Ass'n of Journeymen & Apprentices v. Georgia Power Co.*, 684 F.2d 721, 724 (11th Cir. 1982) (citing *Foman v Davis*, 371 U.S. 178, 182 (1962)).

training or access to a law library, he apparently has been picking up cues from Defendants'

filings to see what is missing from his earlier complaints and trying to rectify their inadequacies

in his proposed Second Amended Complaint.  If either party is operating at a disadvantage here,

it is Plaintiff.  Finally, having carefully reviewed the proposed Second Amended Complaint and

Defendants' opposition, the Court does not see the proposed Second Amended Complaint as

futile.  (Caveat:  In saying this, the Court expresses no opinion on the merits of Plaintiff's

claims.)  The Court thus grants Plaintiff's motion to amend his Amended Complaint.

      The Court now concludes that official service of process is warranted on Defendants.

The United States Marshals Service (USMS) is directed to serve a properly issued summons and

a copy of Plaintiff's Second Amended Complaint,[4] along with this Order, upon these San Juan

County and Utah Department of Corrections (UDOC) employees:

> **SHERIFF RICK ELDRIDGE (SJCJ)**
> **JAIL COMMANDER JOHN YOUNG (SJCJ)**
> **OFFICER DENNIS HOGGARD (SJCJ)**
> **OFFICER PRESTON PALMER (SJCJ)**
> **SUPERVISOR JAMES CHIPP (UDOC)**

      Once served, Defendants shall respond to the summons in one of the following ways:

(A) If Defendants wish to assert the affirmative defense of Plaintiff's failure to exhaust

    administrative remedies in a grievance process, Defendants must,

        (i) within 20 days of service, file an answer;

        (ii) within 90 days of filing an answer, prepare and file a *Martinez* report limited

        to the exhaustion issue[5]; and,

---

[4] (*See* Docket Entry # 57.)

[5] *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (approving district court's practice of ordering prison administration to prepare report to be included in pleadings in cases when prisoner has filed suit alleging constitutional violation against institution officials).

(iii) within 120 days of filing an answer, file a separate summary judgment

motion, with a supporting memorandum.

(B) If Defendants choose to challenge the bare allegations of the Complaint, Defendants

shall, within 20 days of service,

(i) file an answer; or

(ii) file a motion to dismiss based on Federal Rule of Civil Procedure 12(b)(6).

(C) If Defendants choose not to rely on the defense of failure to exhaust and wish to

pierce the allegations of the Complaint, Defendants must,

(i) file an answer, within 20 days of service;

(ii) within 90 days of filing an answer, prepare and file a *Martinez* report

addressing the substance of the complaint; and,

(iii) within 120 days of filing an answer, file a separate summary judgment

motion, with a supporting memorandum.

(D) If Defendants wish to seek relief otherwise contemplated under the procedural rules

(e.g., requesting an evidentiary hearing), Defendants must file an appropriate motion

within 90 days of filing their answer.

Plaintiff is notified that (s)he may, within 30 days of its filing, respond to a *Martinez*

report if desired.  Plaintiff is further notified that (s)he must, within 30 days of its filing, respond

---

In *Gee v. Estes*, 829 F.2d 1005 (10th Cir. 1987), the Tenth Circuit explained the nature and function of a *Martinez* report, saying:

> Under the *Martinez* procedure, the district judge or a United States magistrate [judge] to whom the matter has been referred will direct prison officials to respond in writing to the various allegations, supporting their response by affidavits and copies of internal disciplinary rules and reports.  The purpose of the *Martinez* report is to ascertain whether there is a factual as well as a legal basis for the prisoner's claims.  This, of course, will allow the court to dig beneath the conclusional allegations.  These reports have proved useful to determine whether the case is so devoid of merit as to warrant dismissal without trial.

*Id.* at 1007.

to a motion to dismiss or summary-judgment motion.  Plaintiff is finally notified that, if Defendants move for summary judgment, Plaintiff cannot rest upon the mere allegations in the complaint.  Instead, as required by Federal Rule of Civil Procedure 56(e), to survive a motion for summary judgment Plaintiff must allege specific facts, admissible in evidence, showing that there is a genuine issue remaining for trial.

**ORDER**

Accordingly, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's motion to amend his amended complaint is GRANTED.[6] USMS shall serve a completed summons, a copy of the Second Amended Complaint[7] and a copy of this Order upon the above-listed defendants.

(2) Within 20 days of being served, Defendants must file an answer or motion to dismiss, as outlined above.

(3) If filing a *Martinez* report, Defendants must do so within 90 days of filing their answer.  Under this option, Defendants must then file a summary-judgment motion within 120 days of filing their answer.

(4) If served with a *Martinez* report, Plaintiff may submit a response within 30 days of the report's filing date.

(5) If served with a summary-judgment motion or motion to dismiss, Plaintiff must submit a response within 30 days of the motion's filing date.

(6) Summary-judgment motion deadline is 120 days from filing of answer.

---

[6](*See* Docket Entry # 56.)

[7](*See* Docket Entry # 57.)

(7) If requesting relief otherwise contemplated under the procedural rules, Defendants must do so within 90 days of filing their answer.

(8) Defendants' Motion to Dismiss and Motion for Summary Judgment are DENIED.[8] Relevant portions of these motions may be renewed as Defendants see fit after they meet the requirements of this Order.

DATED this 28th day of March, 2016.

BY THE COURT:

_____

JUDGE DALE A. KIMBALL
United States District Court

---

[8](*See* Docket Entry #s 23 & 36.)