IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| RYAN WILKERSON,<br><br>        Plaintiff,<br><br>vs.<br><br>RICK ELDRIDGE ET AL.,<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:14-CV-586 DAK<br><br>Judge Dale A. Kimball |

Plaintiff, Ryan Wilkerson, is a *pro se* prisoner proceeding *in forma pauperis.* In this civil-rights complaint, 42 U.S.C.S. § 1983 (2017), he asserts his federal constitutional rights under the Eighth (cruel-and-unusual punishment) and Fourteenth (equal protection) Amendments have been breached by Defendants failing to protect him. Defendants are: Rick Eldridge, San Juan County (SJC) Sheriff; John Young, SJC Jail Commander; Officer Dennis Hoggard, SJC; Officer Preston Palmer, SJC; and James Chipp, Utah Department of Corrections (UDOC) Inmate Placement Program Supervisor. The SJC defendants move for summary judgment, as does Defendant Chipp separately. The Court grants SJC Defendants' motion, but first, under its screening power, *see* 28 U.S.C.S. § 1915A (2017), dismisses some defendants and issues upon the basis of failure to state a claim upon which relief may be granted.

  I.  SUA SPONTE DISMISSAL BASED ON FAILURE TO STATE CLAIM

In evaluating the propriety of dismissing claims for failure to state a claim upon which relief may be granted, this Court takes all well-pleaded factual assertions as true and regards them in a light most advantageous to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493

F.3d 1174, 1177 (10th Cir. 2007). Dismissal is appropriate when, viewing those facts as true, the plaintiff has not posed a "plausible" right to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)*; Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556). When a civil-rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," the Court considers those assertions "conclusory and not entitled to" an assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Twombly*, 550 U.S. at 554-55).  In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Red Hawk*, 493 F.3d at 1177 (italics in original).

This Court must construe pro se "'pleadings liberally,' applying a less stringent standard than is applicable to pleadings filed by lawyers. Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citations omitted). In the Tenth Circuit, this means that if this Court can reasonably read the pleadings "to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, it is not "the proper function of the district court to assume the role

of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam)).

### A. AFFIRMATIVE LINK – DEFENDANTS ELDRIDGE & YOUNG

The complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Plaintiff may not name an entity or individual as a defendant based solely on supervisory position. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone is insufficient to support liability under § 1983). Nor does "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff . . . establish personal participation under § 1983." *Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

Considering these guidelines, the Court concludes that Plaintiff has done nothing to affirmatively link Defendants Rick Eldridge and John Young to his claims, but has instead identified them merely as supervisors or deniers of grievances--and has not tied any material facts to them. Plaintiff's claims against these defendants therefore may not survive this screening. And these defendants are thus dismissed.

## B. NO PHYSICAL INJURY – DEFENDANT CHIPP

Plaintiff alleges that Defendant Chipp failed to protect him by keeping him in facilities where he was mingled with other inmates who were classified as more aggressive and perhaps dangerous than his own classification, putting him at risk of an attack. Here, the "injury" he cites is the fear and anxiety that he suffers in perceiving that he is vulnerable. However, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C.S. §1997e(e) (2017).

This particular allegation of failure to protect against Defendant Chipp does not include physical injury. And, therefore, Plaintiff has not stated a claim for relief which may be granted here. This being the only claim against Defendant Chipp, he is dismissed from this case and his summary-judgment motion is denied as moot.

## II. SUMMARY JUDGMENT

Based on Plaintiff's failure to exhaust his administrative remedies through the prison grievance process, SJC Defendants (the only two remaining, Hoggard and Palmer) move for summary judgment. (*See* Docket Entry # 82 .)  Defendants support their motion with a *Martinez* report (including affidavits and grievance policy and history) and a memorandum. (*See* Docket Entry # s 37, 38, 39, 70, 83, 84.) Plaintiff responds to the *Martinez* report and motion. (*See* Docket Entry #s 75 & 90.) The Court rules for Defendants.

## A.  STANDARD & UNDISPUTED FACTS

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] mere

factual dispute will not preclude summary judgment; instead there must be a genuine issue of material fact." *See Cooperman v. David*, 214 F.3d 1162, 1164 (10th Cir. 2000). Here, the parties have documented Plaintiff's level one-through-three grievances were filed outside grievance-policy deadlines. They concur that grievances at levels one and two were denied as being untimely. They equally recognize that Sheriff Eldridge responded at level three, saying, "I agree with the responses rendered in your level I and level II grievances." He then went on to provide a substantive response as well. This is all undisputed.

What is disputed is the legal effect of the sheriff's parallel substantive response. Defendants argue that he agreed with the level-one and level-two responses and therefore also dismissed the grievance on the basis of untimeliness, but also gratuitously & helpfully gave a substantive explanation of SJC's position on Plaintiff's concerns. Meanwhile, Plaintiff contends that the substantive portion of the sheriff's response waived SJC's original position that the grievances were untimely and resurrected his claims.

### B.  BACKGROUND ON EXHAUSTION REQUIREMENT

"The Prisoner Litigation Reform Act (PLRA) provides that a prisoner cannot bring an action 'with respect to prison conditions under section 1983 . . .  until such administrative remedies as are available are exhausted.'" *Huggins v. Reilly*, No. 16-1309, 2017 U.S App. LEXIS 2636, at *2 (10th Cir. Feb. 15) (unpublished) (quoting 42 U.S.C.S. § 1997e(a) (2017)); *see also Jones v.  Bock*, 549 U.S. 199, 211 (2007) ("[E]xhaustion is mandatory under the PLRA . . .."). The exhaustion requirement supports administrative agency governance and encourages efficiency. *See Woodford v. Ngo*, 548 U.S. 81, 89 (2006).

To properly exhaust, an inmate must full comply with his institution's grievance policy, including "deadlines, and other critical procedural rules[,] because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *See id*. at 90-91. In other words, "substantial compliance is insufficient." *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007).

Strict adherence to deadlines, in particular, serves an important purpose: "When a grievance is filed shortly after the event giving rise to the grievance, witnesses can be identified and questioned while memories are still fresh, and evidence can be gathered and preserved." *Woodford*, 548 U.S. at 95. To be clear, the PLRA requires "proper exhaustion," *id*. at 93, and that "requirement [is] not satisfied when grievances [are] dismissed because prisoner had missed deadlines set by the grievance policy." *Jones*, 549 U.S. at 217-18 (citing *Woodford*, 548 U.S. at 93). [1]

### C. EXHAUSTION PRINCIPLES AS APPLIED TO THIS CASE

The Court researched case law in the Tenth Circuit on the issue of whether the affirmative defense of failure to exhaust may be waived by a grievance response that includes a substantive explanation. In one case, the court agreed with a plaintiff that the defendants had "waived their right to assert timeliness by not raising it during the administrative process." *Apodaca v. Raemisch*, No. 15-CV-845-REB-MJW, 2015 U.S. Dist. LEXIS 148308, at *3-4 (D. Colo. Sept. 8) (report and recommendation), *adopted by*, 2015 U.S. Dist. LEXIS 148307 (D.

---

[1] As an aside, Plaintiff included another argument as to why his late grievances should be excused and that is because he was "in surgery." He does not provide details of dates or how a surgery or two could explain away failure to grieve over the course of a half a year or so. Like the prisoner-plaintiff in *Thomas v. United States Bureau of Prisons*, 282 Fed. Appx. 701, 704 (10th Cir. 2008) (unpublished), Plaintiff "never identified" what the surgery entailed "let alone described how [it] prevented him from timely complying with the . . . grievance procedure." Indeed, "[s]uch conclusory and self-serving statements, even if presented in an affidavit, are insufficient to create a genuine issue of fact to survive summary judgment." *Id*.

Colo. Oct. 30). But in that case, timeliness was never addressed at any of the three levels of the grievance process. *See id.* ("CDOC never raised the issue of timeliness during the administrative process, and it has therefore waived its right to raise timeliness in these proceedings.").

The Colorado district court cited the following cases as support for its acceptance of a waiver theory regarding exhaustion issues: *Ross v. County of Bernalillo*, 365 F.3d 1181, 1186 (10th Cir. 2004), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) ("If a prison accepts a belated filing, and considers it on the merits, that step makes the filing proper for purposes of state law and avoids exhaustion . . . hurdles in federal court."); *Jewkes v. Shackleton*, No. 11-CV-112-REB-RNB, 2012 U.S. Dist. LEXIS 105415, at *3 (D. Colo. July 23, 2012) (citing *Ross v. County of Bernalillo* for the proposition that "the prison not only defines the rules, but also can waive the enforcement of them"); *Jones v. Stewart*, 457 F. Supp. 2d 1131, 1134-37 (D. Nev. 2006) (deriving waiver theory from *Woodford*, 548 U.S. at 81).

Further, Plaintiff specifically cites *Sansom v. Milyard*, No. 10-CV-2391-WYD-MJW, 2012 U.S. Dist. LEXIS 39659 (D. Colo. 2012), for the proposition that corrections personnel forfeit their affirmative defense of failure to exhaust when they have responded to untimely grievances on the merits, instead of rejecting them as untimely. *Id*. at *12.

These cases are also all distinguishable in that the institutions did not raise timeliness at any stage of the grievance process. *See Ross*, 365 F.3d at 1186 ("Nothing in the record suggests that [the prison] treated [the plaintiff's] complaint as untimely."); *Jewkes*, 2012 U.S. Dist. LEXIS 105415, at *5-8 ("At each step, [prison] grievance officers could have raised the issue of timeliness, but did not do so."); *Jones*, 457 F. Supp.2d at 1136 ("At each [of three] level[s], [plaintiff's] complaint was addressed on the merits and then appealed on the merits."); *Sansom*,

7

2012 U.S. Dist. LEXIS 39659, at *12 ("[The prison] failed to address the timeliness of the Step 1 grievance . . . and responded to this grievance on the merits. . . . [N]ot only did [the prison] respond to Plaintiff's Step 1 grievance on the merits, it responded to both his Step 2 and Step 3 grievances on the merits.").

Interestingly, *Jewkes* also addressed the issue of a grievance process in which the institution did not address a plaintiff's untimeliness at each level but did at some point during the process. 2012 U.S. Dist. LEXIS 105415, at 5-6. There, the grievance reviewer denied an untimely grievance at neither steps one or two on the basis of the "timeliness issue," but instead on the merits. *Id*. However,

> the plaintiff's step 3 grievance was denied because her step 2 grievance was submitted after the deadline for filing a step 2 grievance. Despite apparently forfeiting any timeliness objection during step 1 and step 2 of the grievance process, the [prison] properly raised the timeliness issue before the administrative process had concluded. . . . As a result [this plaintiff's] claims are barred by § 1997e.

*Id.*

In Plaintiff's case too, timeliness was addressed before the grievance process ended--at both steps one and two. But even more persuasively here, the grievance was addressed on the basis of timing at step three as well: "I agree with the responses rendered in your level I and level II grievances" (before going on to discuss the merits). Therefore, in line with *Jewkes* and standing on this case's fact pattern--distinctive from the other cases in which untimeliness was not addressed at any level--this Court deems Plaintiff's claims "barred by § 1997e." *Id*.

8

Defendants Hoggard and Palmer's affirmative defense of nonexhaustion of administrative remedies is established as a matter of law, and, therefore, summary judgment is entered in their favor.

Accordingly, **IT IS ORDERED** that:

1. For failure to state a claim upon which relief may be granted, claims against Defendants Eldridge, Young, and Chipp are **DISMISSED**.

2. Defendant Chipp's Motion for Summary Judgment is **DENIED** as moot. (Docket Entry # 94.)

3. SJC Defendants Hoggard and Palmer's Motion for Summary Judgment as to Plaintiff's failure-to-protect claim under the Federal Constitution is **GRANTED**. (Docket Entry # 82.)

4. This case is **CLOSED.**

DATED this 27th day of March 2017.

BY THE COURT:

*[signature: Dale A. Kimball]*

JUDGE DALE A. KIMBALL
United States District Court